THE TOWN OF STRAFFORD *v.* JOHN K. BLAISDELL.

*Assumpsit. Officer.*

The defendant, a constable, having an execution in favor of S. against the plaintiff in his hands for collection, after demanding, but before receiving, payment of the same, advanced the amount thereof to S., at his request, and retained the execution in his hands, and the money when paid thereon, was to, and did, belong to the defendant. Subsequently, the plaintiff, knowing the foregoing facts, paid the amount of said execution to the defendant, with the fees for the collection thereof, without objection. *Held,* that the plaintiff could not recover back the fees so paid.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by the the court, December term, 1872, PECK, J., presiding.

The plaintiff claimed to recover $39.29 which the defendant, as the plaintiff's constable, demanded and received of the plaintiff as fees for collecting an execution in favor of one Smith

against the plaintiff, for $3949.15. Said execution was received by the defendant for collection, July 16, 1870, and on the 18th of the same month, he demanded payment thereof of the plaintiff's treasurer. On the 28th of said July, and before any thing had been collected on said execution, the defendant advanced to the said Smith, at his request, the full amount of said execution, and retained the execution in his hands. On the 29th of said July, Kibling, one of the plaintiff's selectmen, paid the full amount of said execution to the defendant, together with the said sum of $39.29, fees for the collection thereof.

The defendant testified that at some time previous to the said 28th of July, the said Smith requested him to advance the money due on said execution, and he gave him some assurances that he would, if he could raise the money; that he did raise the money, and advance it to Smith on the day last aforesaid; that when said execution was paid, the money was to be, and was, his money, and that on the occasion when said Kibling paid the execution, and before he paid it, the defendant told him that Smith requested the defendant to advance the money to him on the execution, and that he had done so, and that whatever was coming on the execution would belong to the defendant when he got it; that Kibling paid the execution, including said sum for fees, without objection. It appeared that Kibling knew at the time, that he was paying said last named sum as fees for collecting said execution. The court found the foregoing testimony of the defendant to be true.

The plaintiff claimed that, upon the facts, the defendant was the owner of said execution at the time of its payment as aforesaid, or so far the owner thereof that he had no right to demand and receive fees for the collection thereof, and that the plaintiff was entitled to recover back the amount paid for fees as aforesaid, with interest thereon; but the court rendered judgment for the defendant; to which the plaintiff excepted.

*C. W. Clarke*, for the plaintiff, cited Chit. Cont. 548, 551–2; *Cadaval* v. *Collins*, 4 A. & E. 858; *Close* v. *Phipps*, 7 M. & G. 586; *Ashmole* v. *Wainwright et al.* 2 A. & E. 837; *Valpy et als.* v. *Manley*, 1 C. B. 594.

*Hebards,* for the defendant.

This being a voluntary payment, it cannot be recovered back. *Stevens* v. *Head,* 9 Vt. 174; *Corey* v. *Gale,* 13 Vt. 639; *Winn* v. *Southgate,* 17 Vt. 355; *Gilson et al.* v. *Bingham,* 43 Vt. 410; *Williams et als.* v. *Colby,* 44 Vt. 40; *Wilson* v. *Ray,* 1 Eng. L. & Eq. 369.

But, if not voluntary, and paid under protest, it cannot be recovered back. The fees for collection were incident to the execution; and a tender of the amount of the execution, without the fees, would have been of no avail. *Joslyn* v. *Tracy,* 19 Vt. 569.

The defendant did not own the execution, and had no more interest in it after he made the demand than he had before he made it.

The opinion of the court was delivered by

ROYCE, J. It is not claimed but that the defendant at the time he received the execution as constable in favor of Smith against the plaintiff, was legally qualified to execute it. Neither is it claimed that at the time he made demand on the treasurer for the amount, that he had any interest in the execution. But the plaintiff bases his right of recovery upon the claim made that, subsequent to said demand, before payment of the execution, the defendant became the owner of the execution, and hence was incapacitated from demanding and recovering fees for its collection.

We do not think the facts found warrant any such assumption. No express contract of sale was shown, and no such facts as would justify the finding of an implied contract. When the defendant advanced the money to Smith, Smith became his debtor for the amount. The defendant testified that when the money was paid by the town upon the execution, it was to be, and was, his, and that whatever there was coming on the execution, would belong to him. By this we should understand that he acquired the right to retain and apply whatever sum he might receive on the execution, in payment of the money so advanced to Smith. His right to re-payment from Smith, was not dependent upon the collection

of the execution, and if that had failed of collection, Smith would still have been liable ; and, for aught that appears, it was a matter of indifference to the defendant, whether the execution was collected or not. The interest that disqualifies an officer must be a legal interest, and no such interest is shown.

Judgment affirmed.